## Lewis Fouts v. Sherman Bocock.

1.  JURIES—*Determine Questions of Fact.*—The question as to whether a contract exists between the parties, is one of fact for the determination of a jury.

Assumpsit, for money wrongfully retained.  Appeal from the Circuit Court of Stark County; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1897.  Affirmed.  Opinion filed December 17, 1897.

B. F. THOMPSON, attorney for appellant.

F. A. KERNS, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit by appellant against appellee to recover $250, being part of the proceeds of a farm sold by appellee as agent of appellant, and which the latter claims was wrongfully retained by the former.

It appears from the evidence that appellant was the owner of a farm in Stark county in this State, and being about to remove to Nebraska, he made an arrangement with appellee, his nephew, to try and sell it for him.

Appellant claims the only agreement for compensation was, that appellee should have all he could get over $75 per acre, or $12,000 for the quarter section.

On December 14, 1893, appellee wrote appellant, who was then at Omaha, that he could sell the farm for $11,750, and advised him to sell for that price, and said he would charge a commission of $50 for making the sale.  The fact was that appellee then had found a purchaser for the farm at $12,000, although he did not so inform appellant.  Appellee sent to appellant a written contract to be signed by the latter, authorizing the sale of the farm at $11,750, which was duly signed and returned to appellee, who then sold the farm to one Stange for $12,000, and received $300 as earnest money.  Appellant came on from Nebraska to close

up the deal, and appellee then told him he had sold the farm for $12,000 and retained the $300 for commissions. Appellant seems to have made no objection but went on, closed up the sale with the purchaser by executing and delivering a deed for the farm, and receiving $11,700 as the balance of the purchase money. Appellee swears appellant appeared to be satisfied, and said that appellee had done pretty well but ought to divide. That this was said in a joking way, no further demand being made for any part of the $300 until two years afterward, when this suit was brought. The case being tried by a jury, there was a verdict and judgment in favor of appellee.

It was a question for the jury, under all the circumstances, whether appellant did not assent, after learning all the facts, to appellee's retaining the whole of the $300 as commissions for making the sale. By the first instruction given at the instance of appellant, as well as by the second given for appellee, the question was submitted to the jury, whether or not appellant, after learning all the facts, agreed to accept the $11,700 as the price of the farm, and these instructions did not require such agreement to be in express terms, although the second instruction given for appellant did require an express agreement. Having asked and had given in his behalf, an instruction submitting the question of an implied agreement to the jury, he can not now complain that the jury found he did, impliedly, agree to receive the $11,700 in full settlement of the transaction. The fourth instruction asked by appellant was properly refused by the court, because it entirely ignored the question of settlement, or agreement to receive the $11,700 after learning all the facts.

No doubt the circumstance that appellant waited nearly two years before making demand for the $250 or bringing suit, was a fact of some weight with the jury in determining his understanding or intention when he closed up the sale.

The evidence was all before the jury, and we think it was sufficient to support the verdict. There being no error in the record, the judgment will be affirmed.